# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BALZARINI,<br><br>    Plaintiff,<br><br>  v.<br><br>KYLE LEWIS, et al.,<br><br>    Defendants. | 1:13-cv-00820-LJO-BAM (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF No. 6)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS (ECF No. 2) |

Plaintiff Michael Balzarini ("Plaintiff"), inmate number B-78150, is a state prisoner proceeding pro se. On May 30, 2013, Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983, along with a request to proceed in forma pauperis. On June 6, 2013, the Court found Plaintiff ineligible to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g), and required him to pay the $400.00 filing fee for this action within twenty-one days. (ECF No. 5.) On June 24, 2013, Plaintiff filed a request for reconsideration of the Court's order. (ECF No. 6.)

**I.    Reconsideration**

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir.1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). Pursuant to this Court's Local Rules, when filing a motion for reconsideration, a party must show what "new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

1   Plaintiff argues that he is eligible to proceed in forma pauperis because at the time he
2 filed the complaint for this action, he was under imminent danger of serious physical injury.
3 Plaintiff claims that he has alleged that the lack of adequate medical treatment and pain
4 medication will cause him to suffer additional harm, if not death.  Plaintiff contends that this is
5 sufficient to constitute "imminent danger."
6   **II.   Section 1915(g)**
7   Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under
8 this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in
9 any facility, brought an action or appeal in a court of the United States that was dismissed on the
10 grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted,
11 unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).
12   Plaintiff does not challenge the Court's determination that he is subject to 28 U.S.C. §
13 1915(g), and is precluded from proceeding in forma pauperis unless Plaintiff is, at the time the
14 complaint is filed, under imminent danger of serious physical injury.  The determination of
15 whether Plaintiff is under imminent danger of serious physical injury is made based on the
16 conditions at the time the complaint is filed, and the allegation of imminent danger must be
17 plausible. Andrews v. Cervantes, 493 F.3d 1047, 1053-55 (9th Cir. 2007).
18   The Court previously considered Plaintiff's allegations, but found no basis to conclude
19 that Plaintiff was under imminent danger of serious physical injury at the time he filed his
20 complaint.  Plaintiff has now alleged that he was under imminent danger of serious physical
21 injury.  Plaintiff claims that he is not receiving any medical treatment or pain medications.
22 Plaintiff asserts that he will continue to suffer harm and will die without treatment or pain
23 medication.  Based on these allegations, the Court finds that Plaintiff meets the imminent danger
24 exception, and is not precluded by 28 U.S.C. § 1915(g) from proceeding in forma pauperis in this
25 action.
26   Based on the foregoing, it is HEREBY ORDERED as follows:
27   1.  Plaintiff's request for reconsideration is GRANTED;
28   2.  The Court's order of June 6, 2013, is VACATED;

2

3. Plaintiff's motion to proceed in forma pauperis is GRANTED;

4. Because of the reason this motion is granted, should the defense wish this matter to be put on an expedited discovery schedule, all they need to do is ask;   and

5. This matter is referred back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Dated:   **August 14, 2013**              /s/ Lawrence J. O'Neill
                                    UNITED STATES DISTRICT JUDGE