UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ST. MICHAEL BALZARINI,<br><br>  Plaintiff,<br><br>  v.<br><br>KYLE LEWIS, et al.,<br><br>  Defendants. | Case No.: 1:13-cv-00820-LJO-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING MOTION FOR ORDER TO SHOW CAUSE FOR A PRELIMINARY AND TEMPORARY RESTRAINING ORDER (ECF No. 20)<br><br>FOURTEEN-DAY DEADLINE |

Plaintiff St. Michael Balzarini ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action concerns events alleged to have occurred at Corcoran State Prison.

On June 25, 2014, Plaintiff filed a motion seeking a restraining order or preliminary injunction. Plaintiff complains of his work assignment and his lack of medical treatment following his transfer to Mule Creek State Prison. (ECF No. 20.) Defendants have not appeared in the action and the motion is deemed submitted. Local Rule 230(l).

The analysis for a temporary restraining order is substantially identical to that for a preliminary injunction, Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush and Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001), and "[a] preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24, 129 S.Ct. 365, 376 (2008) (citation

1

omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

The events at issue in this action occurred in 2012 and 2013 while Plaintiff was housed at Corcoran State Prison. (ECF No. 10.) Plaintiff is now housed at Mule Creek State Prison and the order sought is aimed at remedying his current conditions of confinement and medical treatment at Mule Creek State Prison. The case or controversy requirement cannot be met because the issues Plaintiff seeks to remedy in his motion bear no relation, jurisdictionally, to the past events at Corcoran State Prison giving rise to this suit. Lyons, 461 U.S. at 102; 18 U.S.C. § 3626(a)(1)(A); also Summers v. Earth Island Inst., 555 U.S. 488, 491-92, 129 S.Ct. 1142, 1148-49 (2009); Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 102-04, 118 S.Ct. 1003 (1998). Because the case-or-controversy requirement cannot be met, the pendency of this action provides no basis upon which to award Plaintiff injunctive relief. Id. The only relief available to Plaintiff in this action, should he prevail, is money damages for the past violation of his constitutional rights while housed at Corcoran State Prison in 2012 and 2013.

To the extent Plaintiff believes he is in danger, he has other avenues of relief available to him, including filing a petition for writ of habeas corpus in state court. E.g., In re Estevez, 83 Cal.Rptr.3d 479, 491 (Cal. Ct. App. 2008) (alleged violations of the Eighth Amendment arising from inadequate medical care may be brought to the state court's attention through a petition for writ of habeas corpus). The issue is not that Plaintiff's allegations lack seriousness or that Plaintiff cannot obtain relief if sought in the proper forum. Rather, the issue is that this particular action cannot be used by Plaintiff to obtain the relief he seeks. The seriousness of Plaintiff's allegations concerning potential harm cannot and do not overcome the jurisdictional bar. Steel Co., 523 U.S. at 103-04 ("[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.")

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's motion for an order to show cause for a preliminary injunction and temporary restraining order, filed June 25, 2014, be DENIED, with prejudice, for lack of jurisdiction.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these Findings and Recommendations, the plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **June 27, 2014**                    /s/ *Barbara A. McAuliffe*
                                                                        UNITED STATES MAGISTRATE JUDGE

3