UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ST. MICHAEL BALZARINI,<br><br>    Plaintiff,<br><br>    v.<br><br>KYLE LEWIS, et. al.,<br><br>    Defendants. | Case No.: 1:13-cv-00820-LJO-BAM PC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN DEFENDANTS AND CLAIMS<br><br>THIRTY-DAY DEADLINE |

**I.   Procedural Background**

Plaintiff St. Michael Balzarini ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On August 21, 2013, the Court screened Plaintiff's complaint and directed him to either file an amended complaint or notify the Court of his willingness to proceed on cognizable claims.  On September 10, 2013, Plaintiff filed a first amended complaint.

On May 15, 2014, the Court screened Plaintiff's first amended complaint and found that Plaintiff stated a cognizable claim against Defendants Ulit and Agtarap for violations of the Eighth Amendment, but did not state any other claims.  The Court found service appropriate for Defendants Ulit and Agtarap, but issued Findings and Recommendations that Defendants Lewis, Schwartz, Wang and Swanberger be dismissed from this action, along with Plaintiff's claim of retaliation and requests for injunctive and declaratory relief.

1    On June 18, 2014, Plaintiff lodged a second amended complaint. On June 25, 2014, the Court directed Plaintiff to clarify whether he intended to proceed on his first amended complaint or if he wished the Court to recall its service order and screen the second amended complaint.

On July 10, 2014, Plaintiff filed a notice of intent to amend his complaint. Accordingly, on July 17, 2014, the Court recalled its service order, vacated its findings and recommendations regarding dismissal of certain claims and defendants and directed the Clerk of the Court to file Plaintiff's second amended complaint.

Plaintiff's second amended complaint, filed on July17, 2014, is currently before the Court for screening.

**II.    Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. However, to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at

678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

### III. Second Amended Complaint

Plaintiff is currently incarcerated at Mule Creek State Prison. The events in this action are alleged to have occurred at Corcoran State Prison. Plaintiff names the following defendants: (1) Dr. Wayne Ulit; (2) Jeffrey Wang, Chief Medical Executive; (3) Agtarap, LVN-CF; (4) Jennifer Schwartz, Staff Counsel for CDCR Office of Legal Affairs; and (5) Kyle Lewis, Deputy Attorney General for CDCR Health Unit and Care.

The allegations in Plaintiff's second amended complaint are identical to those of his original and first amended complaints. Plaintiff alleges as follows: After arriving at Corcoran, Plaintiff was seen by Dr. Wayne Ulit. Plaintiff gave a list of his requests to Defendant Ulit. The requests included chronos for a mattress, a back brace, an arm brace, an update from a lower bunk, a re-check of his "Esphocial" [sic] because he was throwing up, new shoes, blood tests, pain meds and "HCV" treatment. (ECF No. 25, p. 4.) Defendant Ulit reportedly said that he would get back to Plaintiff on these requests, but failed to do so. (Id.)

Plaintiff alleges that he made three or more attempts to receive medical treatment from Defendant Ulit and Defendant Agtarap, LVN, but these Defendants refused to take any action on his behalf. Plaintiff reported nausea, vomiting and leaking to these Defendants, but they said they could not do anything. Plaintiff explained that he was throwing up everything, including his medication, coffee and water. Plaintiff told Defendant Agtarap that he was throwing up his meds and she accused him of cheeking his meds. After his third attempt, Plaintiff got his meds down and went to eat. When he entered his cell, he threw up everything. Plaintiff reported this to staff who filed false records on the computer. Plaintiff told Defendant Ulit that he was throwing up and leaking blood from his rear, but Defendant Ulit refused to do anything. (ECF No. 25, pp. 5-6.)

On November 16, 2012, after the evening meal, Plaintiff threw up blood. After giving man down, he was released to 3C Medical Clinic. A nurse had a correctional officer take Plaintiff to ACH,

3

where he was placed into a room.  Plaintiff went to the toilet, where he threw up a little blood.  Plaintiff notified correctional officer B. Anderson, who freaked out when he saw all the blood.  As Plaintiff turned around, he threw-up blood all over the room.  The correctional officers rushed Plaintiff to the E.R. at Mercy Hospital of Bakersfield.  Plaintiff was worked on for two hours in the E.R. and then taken in for surgery.  The hospital doctor asked why Plaintiff did not seek medical attention sooner because he was bleeding for some time and someone should have done something because he almost bled out.  Plaintiff explained that the medical staff at the institution did not want to do anything.  Defendant Ulit later called Plaintiff to the clinic and apologized for not doing anything.  He told Plaintiff that the next time he had this problem to come see him.  (ECF No. 25, pp. 6-7.)

Defendant Ulit called Plaintiff to the clinic for 602 complaints--one against Defendant Ulit and another about not getting medical treatment and to receive pain meds, along with an ADA claim.  Plaintiff told Defendant Ulit that it was illegal to give a complaint against a staff member to that staff member.  Plaintiff also told Defendant Ulit that Dr. Clark said that he had to give Plaintiff his pain meds because he is the yard doctor in charge.  Defendant Ulit did chronos for a bottom-tier bunk.  Plaintiff told Defendant Ulit that he did not request this, nor did he want it.  Defendant Ulit refused to take it off.  Plaintiff also told Defendant Ulit that he did not have any problems going up and down stairs and that Defendant Ulit had refused his pain meds and treatment.  (ECF No. 25, p. 7.)  Defendant Ulit refused to give Plaintiff his meds and said that the CMO has to tell him to do it.

Plaintiff claims discrimination against him because of past medical problems and the many complaints that he has filed to receive medical treatment and care.  Plaintiff reportedly was told that he would be started on his medical treatment within 30-days after arriving at Corcoran on September 25, 2012.  Plaintiff re-alleges that he gave Defendant Ulit a list of what was needed, but Defendant Ulit refused treatment of any kind.  (ECF No. 25, p. 8.)

On March 20, 2013, Plaintiff was taken on priority ducat to ACH-ER to be seen by Dr. Clark, who is in charge of the HCV-Clinic.  Dr. Clark and the psych already cleared Plaintiff for treatment.  However, Dr. Clark reported that the new CCHCS, HCV Oversight Committee had denied his treatment.  Dr. Clark said that the new committee was set up to evaluate who gets treatment, and for how long and the costs.  Dr. Clark reported that Plaintiff's treatment was denied because it would be

1  for 44+ weeks, would cost over $50,000, and Plaintiff was too high risk.  Dr. Clark also reportedly
2  stated that Plaintiff was being denied treatment by Defendants Wang, Lewis and Schwartz.  Plaintiff
3  claims that he is currently being denied all treatment and medications for pain.  (ECF No. 25, pp. 9-
4  10.)

5  Although not entirely clear from the complaint, Plaintiff appears to assert a cause of action for
6  deliberate indifference to serious medical needs in violation of the Eighth Amendment against
7  Defendants Dr. Ulit, LVN Agtarap, Dr. Jeffrey Wang, Kyle Lewis and Jennifer Schwartz.  He also
8  appears to assert a retaliation claim.  Plaintiff seeks declaratory and injunctive relief, along with
9  damages.

10  **IV.   Discussion**
11  **A.  Eighth Amendment - Deliberate Indifference to Serious Medical Needs**

12  "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate
13  must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096
14  (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976)).  The two part
15  test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by
16  demonstrating that failure to treat a prisoner's condition could result in further significant injury or the
17  'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was
18  deliberately indifferent." Jett, 439 F.3d at 1096; Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir.
19  2012).

20  Deliberate indifference is shown where the official is aware of a serious medical need and fails
21  to adequately respond.  Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1018 (9th Cir. 2010).
22  Deliberate indifference is a high legal standard.  Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391
23  F.3d 1051, 1060 (9th Cir. 2004).  The prison official must be aware of facts from which he could make
24  an inference that "a substantial risk of serious harm exists" and he must make the inference.  Farmer v.
25  Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970, 1979 (1994).

26  A difference of opinion between a prisoner and prison medical authorities as to proper
27  treatment does not give rise to a claim.  Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981);
28  Mayfield v. Craven, 433 F.2d 873, 874 (9th Cir. 1970).  Additionally, a difference of opinion between

medical providers regarding treatment does not amount to deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). To state a claim under these conditions requires the plaintiff to "show that the course of treatment the doctors chose was medically unacceptable under the circumstances, . . . and . . . they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

<u>Defendants Ulit and Agtarap</u>

Plaintiff's amended complaint includes sufficient allegations to state a claim for deliberate indifference to serious medical needs against Defendants Ulit and Agtarap arising out of their alleged failure to respond to Plaintiff's reports of nausea, vomiting and leaking. Plaintiff's amended complaint also includes sufficient allegations to state a claim for deliberate indifference against Defendant Ulit for his alleged failure to provide medications and treatment.

<u>Defendants Wang, Lewis and Schwartz</u>

Plaintiff's amended complaint fails to include sufficient allegations to state a deliberate indifference claim against Defendants Wang, Lewis and Schwartz. At best, Plaintiff has established a difference of opinion regarding the appropriate course of medical treatment for his HCV between Dr. Clark and Defendants Wang, Lewis and Schwartz. This is not sufficient to state a claim under section 1983. Sanchez, 891 F.2d at 242.

The Court notes that Plaintiff's second amended complaint omits certain exhibits that were attached to his first amended complaint. Critically, Plaintiff omits exhibits demonstrating that he was denied Hepatitis C treatment due to his history of decompensated cirrhosis, bleeding esophageal varices and history of ascites. The exhibits indicated that Plaintiff's history of decompensated cirrhosis precludes Plaintiff from receiving the Hepatitis C treatment. (ECF No. 10, Exhibit E.) The exhibits also indicated that Plaintiff cannot receive certain types of pain medications because his history of gastrointestinal bleeding. (ECF No. 10, Exhibit D.) Plaintiff cannot attempt to state a claim merely by omitting exhibits from his complaint.

**B. Appeals**

Plaintiff appears to allege that Defendant Ulit is liable based on his participation in reviewing Plaintiff's grievances. However, the prison grievance procedure does not confer any substantive

6

rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). The amended complaint therefore fails to state a cognizable claim against Defendant Ulit based on the administrative review process. However, as noted above, Plaintiff's amended complaint states a cognizable claim against Defendant Ulit for deliberate indifference to serious medical needs, including the provision of medication.

### C. Retaliation

Within the prison context, a viable claim of First Amendment retaliation consists of five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

A plaintiff suing for retaliation under section 1983 must allege that "he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline." Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994). The plaintiff does not need to show actual inhibited or suppressed speech, but that there was a chilling effect upon his speech. Rhodes, 408 F.3d at 569. The burden is on the plaintiff to plead and prove the absence of any legitimate correctional goals for the alleged conduct. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).

Here, Plaintiff alleges he was retaliated against, but it is not entirely clear against whom Plaintiff is bringing this claim or what conduct forms the basis of this claim. In other words, Plaintiff has failed to include specific allegations identifying the state actor, the adverse action against him, the particular protected conduct, and the chilling of his First Amendment rights. Plaintiff has been unable to cure the deficiencies in this claim.

### D. Declaratory Relief

In addition to damages, Plaintiff seeks a declaration that his rights were violated. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333

U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985). In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, the verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary.

### E. Injunctive Relief

Plaintiff seeks injunctive relief from defendants at Corcoran State Prison. However, Plaintiff has been transferred to Mule Creek State Prison. A request for injunctive relief becomes moot if a prisoner is transferred. Andrews v. Cervantes, 493 F.3d 1047, 1053 n. 5 (9th Cir. 2007) (citing Johnson v. Moore, 948 F.2d 517, 510 (9th Cir.1991) (per curiam)); Holt v. Stockman, 2012 WL 259938, *6 (E.D. Cal. Jan.25, 2012) (a prisoner's claim for injunctive relief is rendered moot when he is transferred from the institution whose employees he seeks to enjoin from harming him). There is no indication that Plaintiff expects to be transferred back to Mule Creek State Prison. Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir. 1996).

### F. Defendant Swanberger

Plaintiff's second amended complaint names Defendant Swanberger in the caption, but does not assert any allegations against this defendant or name this defendant in the body of the complaint. In sum, Plaintiff does not state a cognizable claim against Defendant Swanberger. The Court does not find leave to amend appropriate in this instance. When given a prior opportunity to amend his complaint, Plaintiff merely filed identical allegations and did not address any deficiencies identified by the Court.

### V. Conclusion and Order

The Court finds that Plaintiff's complaint states a cognizable Eighth Amendment claim against Defendants Ulit and Agtarap, but fails to state any other cognizable section 1983 claims. As Plaintiff previously was provided with the relevant legal standards and has been given multiple opportunities to amend his complaint, the Court does not recommend granting further leave to amend. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's second amended complaint, filed on July 17, 2014, against Defendants Ulit and Agtarap for violations of the Eighth Amendment;
2. Defendants Lewis, Schwartz, Wang and Swanberger be dismissed from this action based on Plaintiff's failure to state a cognizable claim against them; and
3. Plaintiff's claim of retaliation and his requests for injunctive and declaratory relief be dismissed from this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **July 26, 2014**                         /s/ Barbara A. McAuliffe
                                                                 UNITED STATES MAGISTRATE JUDGE