# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ST. MICHAEL BALZARINI,<br><br>    Plaintiff,<br><br>  v.<br><br>KYLE LEWIS, et al.,<br><br>    Defendants. | 1:13-cv-00820-LJO-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO FILE SUPPLEMENTAL PLEADINGS (ECF No. 36) |

      Plaintiff St. Michael Balzarini ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 30, 2013. This action is proceeding on Plaintiff's second amended complaint, filed on July 17, 2014, against Defendants Ulit and Agtarap for deliberate indifference to serious medical needs in violation of the Eighth Amendment of the United States Constitution.

      On October 17, 2014, Plaintiff filed a motion seeking leave to file a supplemental complaint, along with the proposed supplement. Fed. R. Civ. P. 15(d). Defendants did not file an opposition and the motion is deemed submitted. Local Rule 230(l).

      This action is currently proceeding on Plaintiff's Eighth Amendment deliberate indifference claims arising out of events in 2012 at California State Prison-Corcoran. By the instant motion, Plaintiff first appears to argue against summary judgment on the merits of his claims. (ECF No. 36, pp. 2-3.) The Court disregards these arguments because there is no motion for summary judgment pending on the merits of Plaintiff's underlying claims. Rather,

Defendants have filed a motion for summary judgment to revoke Plaintiff's in forma pauperis status and dismiss this action. (ECF No. 35.)

Additionally, Plaintiff moves to add the following claims: (1) against unidentified individuals for failure to implement recommendations provided by Dr. Imperial in July 2009; (2) against Dr. C. Chudy for failure to provide pain shots and treatment after Plaintiff's transfer to Corcoran in September 2012; (3) against the Yard P.C.P for failure to provide treatment for pain after Plaintiff's surgery in November 2012; (4) against individuals at his current location, Mule Creek State Prison; and (5) against individuals at Soledad in 2009. Plaintiff also realleges a number of claims contained in his second amended complaint.

Pursuant to Rule 15(d), "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Rule 15(d) does not require the moving party to satisfy a transactional test, but there must still be a relationship between the claim in the original pleading and the claims sought to be added. Keith v. Volpe, 858 F.2d 467, 474 (9th Cir. 1988). Thus, "[w]hile leave to permit supplemental pleading is favored, it cannot be used to introduce a separate, distinct and new cause of action." Planned Parenthood of Southern Arizona v. Neely, 130 F.3d 400, 402 (9th Cir. 1997) (internal quotation marks and citation omitted).

Of the asserted new claims, only those related to events at Mule Creek State Prison appear to have occurred after the date of Plaintiff's second amended complaint. According to the record in this matter, Plaintiff filed a notice of change of address to Mule Creek State Prison on January 29, 2014, approximately eight months after initiating this action. Plaintiff's second amended complaint was filed on July 17, 2014, and concerned events at Corcoran State Prison in 2012 and 2013. The second amended complaint did not contain any allegations concerning Mule Creek State Prison. As such, the new claims proposed by Plaintiff presumably relate to events at Mule Creek State Prison occurring after the filing of his second amended complaint. The Court finds that allowing Plaintiff to add these separate, distinct, and new claims against individuals at Mule Creek State Prison would not serve the interests of judicial economy and convenience, and

2

the proposed claims are simply not sufficiently related to the present claims concerning individuals at Corcoran State Prison to support allowing leave to supplement.  <u>Planned Parenthood</u>, 130 F.3d at 402; <u>Keith</u>, 858 F.2d at 474.

 Accordingly, Plaintiff's motion seeking leave to file a supplemental complaint, filed on October 17, 2014, is HEREBY DENIED.

IT IS SO ORDERED.

 Dated: **January 5, 2015**    /s/ *Barbara A. McAuliffe*
                UNITED STATES MAGISTRATE JUDGE