# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ST. MICHAEL BALZARINI, | ) 1:13-cv-00820-LJO-BAM (PC) |
| Plaintiff, | ) ORDER GRANTING DEFENDANTS' |
| v. | ) MOTION TO STAY DISCOVERY |
| KYLE LEWIS, et al., | ) (ECF No. 38) |
| Defendants. | ) |

Plaintiff St. Michael Balzarini ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 30, 2013. This action is proceeding on Plaintiff's second amended complaint, filed on July 17, 2014, against Defendants Ulit and Agtarap for deliberate indifference to serious medical needs in violation of the Eighth Amendment of the United States Constitution.

On September 5, 2014, the Court issued a Discovery and Scheduling Order. Pursuant to that order, the discovery deadline is May 5, 2015, and the dispositive motion deadline is July 16, 2015. (ECF No. 33.)

On September 17, 2014, Plaintiff served Defendants with a "Request for Production." (ECF No. 38, Ex. 1.) The production request relates to event occurring at Corcoran State Prison in November 2012.

On October 3, 2014, Defendants filed a motion for summary judgment to revoke Plaintiff's in forma pauperis status and to dismiss this action without prejudice. Defendants argue that Plaintiff is subject to 27 U.S.C. § 1915(g) and should not be allowed to proceed in

1

1  forma pauperis because he was not under imminent danger of serious physical injury at the time
2  the complaint was filed.  *Andrews v. Cervantes*, 493 F.3d 1047, 1052-53 (9th Cir. 2007).  As a
3  result, Defendants contend that this action should be dismissed without prejudice.  (ECF No. 35.)
4        On October 20, 2014, the Court provided Plaintiff with notice of the requirements for
5  opposing a motion for summary judgment.  (ECF No. 37); *See Woods v. Carey*, 684 F.3d 934
6  (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1988); *Klingele v. Eikenberry*, 849
7  F.2d 409, 411-12 (9th Cir. 1988).
8        On October 24, 2014, Defendants filed a motion to stay discovery pending resolution of
9  the motion for summary judgment.  (ECF No. 38.)  On November 13, 2014, Plaintiff filed an
10 omnibus opposition to Defendants' pending motions, including Defendants' motion to stay
11 discovery.  (ECF No. 41.)  Defendants replied on November 24, 2014.  (ECF No. 42.)  The
12 motion to stay discovery is deemed submitted.  Local Rule 230(l).
13     **II.**    **Discussion**
14       "A party or any person from whom discovery is sought may move for a protective order .
15 . . [and] [t]he court may, for good cause, issue an order to protect a party or person from
16 annoyance, embarrassment, oppression, or undue burden or expense. . . ."  Fed. R. Civ. P. 26(c).
17 The Court enjoys "wide discretion in controlling discovery."  *Little v. City of Seattle*, 863 F.2d
18 681, 685 (9th Cir. 1989).
19       Defendants assert that the Court should stay discovery until the motion for summary
20 judgment to revoke Plaintiff's in forma pauperis status is resolved because it likely will dispose
21 of this case.  Defendants also assert that the motion for summary judgment can be decided
22 without additional discovery.  Defendants report that the discovery currently sought by Plaintiff
23 relates to his underlying Eighth Amendment claim and not to whether his in forma pauperis
24 status should be revoked.
25       Plaintiff counters that the motion to stay discovery should be denied because he "has not
26 had sufficient opportunity to obtain the necessary facts."  (ECF No. 41, p. 31.)
27       Defendants reply that Plaintiff has failed to explain how he has been denied the
28 opportunity to obtain relevant information regarding his in forma pauperis status.  Namely,

discovery regarding whether Plaintiff, who is subject to 28 U.S.C. § 1915(g), was under imminent danger of serious physical injury at the time he filed his complaint.  Per Defendants, Plaintiff has not requested any information related to his medical care occurring at the time he filed his complaint.  Plaintiff also has not alleged that he has been denied access to his own medical records.[1]

      The Court finds that Plaintiff has not demonstrated what additional discovery is necessary to oppose Defendants' motion on the limited issue of whether Plaintiff was in imminent danger of serious physical injury at the time he filed his complaint.  In the event Plaintiff needs further discovery to respond to the motion, Plaintiff is not precluded from seeking relief pursuant to Federal Rule of Civil Procedure 56(d), the standard for which Plaintiff was provided in an order filed on October 20, 2014.  Further, in the event Defendants' motion for summary judgment is denied, the Court will set a new discovery deadline.  Thus, there is no prejudice to Plaintiff in staying merits discovery at this juncture pending resolution of Defendants' motion for summary judgment.

      The Court finds that it is in the interest of justice to shield Defendants from the expense and burden of responding to any discovery requests on the merits of this action pending resolution of their motion.  The Court also finds that Plaintiff will not be prejudiced by a stay in light of the availability of Rule 56(d) and in light of the reopening of discovery should Defendants fail to prevail on their motion.  Therefore, Defendants' request shall be granted and discovery shall be stayed by this order.

      For the reasons stated, it is HEREBY ORDERED that Defendants' motion to stay discovery is GRANTED.

IT IS SO ORDERED.

Dated: **January 5, 2015**               /s/ *Barbara A. McAuliffe*  
                                                                       UNITED STATES MAGISTRATE JUDGE

---

[1] According to Defendants, on August 5, 2014, Plaintiff was provided with copies of his medical records from 2009 until early 2014 while litigating another civil rights action.  (ECF No. 42, p. 3 n. 2.)