UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ST. MICHAEL BALZARINI,<br><br>  Plaintiff,<br><br>  v.<br><br>KYLE LEWIS, et al.,<br><br>  Defendants. | Case No.: 1:13-cv-00820-LJO-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S REQUEST FOR PRELIMINARY INJUNCTION<br>(ECF No. 41)<br><br>FOURTEEN-DAY DEADLINE |

    Plaintiff St. Michael Balzarini ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 30, 2013. This action proceeds against Defendants Ulit and Agtarap for deliberate indifference to serious medical needs in violation of the Eighth Amendment of the United States Constitution while Plaintiff was housed at Corcoran State Prison. Plaintiff is currently housed at Mule Creek State Prison.

    On October 3, 2014, Defendants filed a motion for partial summary judgment to revoke Plaintiff's in forma pauperis status and dismiss this action. (ECF No. 35.)

    On October 24, 2014, Defendants filed a motion to stay discovery pending resolution of the motion for summary judgment. (ECF No. 38.)

    On November 13, 2015, Plaintiff filed an omnibus opposition to Defendants' pending motions. (ECF No. 41.) As part of his opposition, Plaintiff seeks a preliminary injunction requiring the

California Department of Corrections and Rehabilitation to contact treatment centers, have him evaluated for Hep-C treatment and provide him with treatment. (ECF No. 41, p. 24, 28.) Plaintiff asserts that Mule Creek State Prison is not equipped to treat his medical needs or provide treatment and asks to be placed in a prison that can treat him. (ECF No. 41, p. 30.)

Defendants filed an opposition on November 25, 2014. (ECF No. 44.) Plaintiff did not reply and the motion is deemed submitted. Local Rule 230(l).

**II.     Discussion**

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24, 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and, in considering a request for injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Lyons, 461 U.S. at 102; Valley Forge Christian Coll., 454 U.S. at 471. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir.1983); see Fed. R. Civ. P. 65(d) (listing persons bound by injunction).

The action concerns Plaintiff's allegations of deliberate indifference to serious medical needs by Defendants Ulit and Agtarap while Plaintiff was housed at Corcoran State Prison. (ECF No. 25.) Plaintiff is now housed at Mule Creek State Prison and the order sought is aimed at remedying his current conditions of confinement and medical treatment at Mule Creek State Prison. The Court lacks

jurisdiction in this action to issue an order directed at Mule Creek State Prison staff or the California Department of Corrections and Rehabilitation.

### III.     Conclusion and Recommendation

For the reasons stated, IT IS HEREBY RECOMMENDED that Plaintiff's request for a preliminary injunction, filed November 13, 2014, be DENIED for lack of jurisdiction.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 12, 2015**               /s/ Barbara A. McAuliffe
                                        UNITED STATES MAGISTRATE JUDGE