**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ST. MICHAEL BALZARINI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KYLE LEWIS, et al.,<br><br>　　　　Defendants. | Case No.: 1:13-cv-00820-LJO-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR SANCTIONS<br><br>(ECF No. 40)<br><br>FOURTEEN-DAY DEADLINE |

**I.     Procedural Background**

Plaintiff St. Michael Balzarini ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 30, 2013. This action proceeds against Defendants Ulit and Agtarap for deliberate indifference to serious medical needs in violation of the Eighth Amendment of the United States Constitution while Plaintiff was housed at Corcoran State Prison. Plaintiff is currently housed at Mule Creek State Prison.

On November 12, 2014, Plaintiff filed a motion for sanctions pursuant to Federal Rules of Civil Procedure 11 and 37. (ECF No. 40.) On December 5, 2014, Defendants filed their opposition to Plaintiff's motion for sanctions. (ECF No. 45.) Plaintiff did not reply. Plaintiff's motion for sanctions has been submitted upon the record without oral argument. Local Rule 230(l).

///

**II.    Motion for Sanctions**

Plaintiff moves for sanctions pursuant to Federal Rules of Civil Procedure 11 and 37.

    A.   Rule 11 Sanctions

Plaintiff asserts that Rule 11 sanctions should be imposed for defense counsel's "reckless misstatements of law and fact" in objections and meaningless filings with this Court." (ECF No. 40, p. 2.) Plaintiff contends that defense counsel needs to quit filing "frivolous claims and motions" and is acting like a "1st Year law Student, by citing decisions that have 'NO Weight' as precedent[], No Authority!" (Id.) Plaintiff alleges that defense counsel improperly cited unpublished cases.

Defendants counter that Plaintiff has failed to describe the specific conduct that is alleged to violate Rule 11 as required. Fed. R. Civ. P. 11(c)(2). Defendants further contend that Plaintiff's vague allegations are insufficient to provide notice of the alleged violations critical to a motion under Rule 11.

"Rule 11 is intended to deter baseless filings in district court and imposes a duty of 'reasonable inquiry' so that anything filed with the court is 'well grounded in fact, legally tenable, and not interposed for any improper purpose.'" Islamic Shura Council of Southern California v. F.B.I., &57 F.3d 870, 872 (9th Cir. 2014) (per curiam) (quoting Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393, 110 S.Ct. 2447 (1990)).

In this instance, Plaintiff's allegations are vague and do not demonstrate that Defendants or defense counsel have made baseless or frivolous filings for an improper purpose in this action. Indeed, Plaintiff has not specifically identified any misstatements or objectionable filings as required by Rule 11. Fed. R. 11(c)(2) (motion for sanctions must describe the specific conduct that allegedly violates Rule 11(b)). Insofar as Plaintiff complains about citation to unpublished cases, Plaintiff has not identified any unpublished cases, nor has he directed the Court to any filing by Defendants that contain such citations.

For these reasons, the Court finds no basis for the imposition of Rule 11 sanctions against Defendants or defense counsel.

///

///

### B. Rule 37 Sanctions

Plaintiff also seeks the imposition of discovery sanctions pursuant to Federal Rule of Civil Procedure 37(b). Specifically, Plaintiff requests that default judgment be entered against Defendants.

Rule 37(b) provides for the imposition of sanctions based on a party's failure to obey a court order to provide or permit discovery. Fed. R. Civ. P. 37(b)(2).

Here, as Defendants correctly note, Plaintiff does not and cannot identify a discovery order that Defendants purportedly violated. According to the docket, the Court has not issued any orders requiring Defendants to provide or permit discovery. Therefore, sanctions pursuant to Rule 37(b) are not appropriate or warranted.

### III. Conclusion and Recommendation

For the reasons stated, IT IS HEREBY RECOMMENDED that Plaintiff's motion for sanctions, filed November 12, 2014, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 12, 2015**      /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE