# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ST. MICHAEL BALZARINI,<br><br>      Plaintiff,<br><br>  v.<br><br>KYLE LEWIS, et al.,<br><br>      Defendants. | 1:13-cv-00820-LJO-BAM (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REOPEN TIME TO FILE AN APPEAL (ECF No. 60)<br><br>ORDER DIRECTING THE CLERK'S OFFICE TO SEND A COPY OF ORDER AND JUDGMENT TO PLAINTIFF<br><br>FOURTEEN-DAY DEADLINE |

      Plaintiff St. Michael Balzarini ("Plaintiff"), a state prisoner, proceeded pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983 against Defendants Ulit and Agtarap for deliberate indifference to serious medical needs in violation of the Eight Amendment of the United States Constitution. On June 22, 2015, the Court granted Defendants' motion for partial summary judgment, revoked Plaintiff's in forma pauperis status, and dismissed the action without prejudice. Judgment was entered pursuant to the Court's order and the action was closed. (ECF Nos. 56, 57.)

      On July 31, 2015, Plaintiff filed a notice of appeal, dated July 14, 2015. It states as follows:

> Please send to me the proper forms to file notice of Appeal, because I wish to appeal the Order dated June 22,15. Request copy of ECF Nos.56, 57, not received a dopy to date. Would like to appeal this courts rulling on thses issues. This is my Notice of Appeal.
>
> Again, Thank you for your prompt response.

1

(ECF No. 60 (all errors in original).) A notice of appeal must be filed within 30 days from the date of entry of judgment. Fed. R. App. P. 4(a)(1). Here, Plaintiff filed his notice of appeal over thirty days from the June 22, 2015 entry of judgment in this action. His notice was therefore not timely.

However, based on Plaintiff's allegation that he did not receive the final order or judgment in this action, the Court of Appeals for the Ninth Circuit construed his notice as a request to reopen the time to appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6). (ECF No. 63 (citing United States v. Withers, 638 F.3d 1055, 1061 (9th Cir. 2011).) The Court of Appeals then remanded Plaintiff's request to this Court to rule upon. (Id. at 2.)

## I. Motion to Reopen the Time to File an Appeal

Federal Rule of Appellate Procedure 4(a)(6) governs a motion to reopen the time to file an appeal, and provides as follows:

> (6) Reopening the Time to File an Appeal. The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6). In this case, regarding the first factor, Plaintiff represents that he has not received a copy of the Court's June 22, 2015 order dismissing his action or the judgment

2

pursuant to that order. (ECF No. 60.) His representation is unopposed by Defendants, and alleges a lack of receipt within 21 days after entry of that order and judgment in accordance with Rule 77(d). The Court shall credit Plaintiff's assertion. Secondly, Plaintiff's notice, now construed as a motion, was filed July 31, 2015, well within the applicable 180 day limit for filing his motion under Rule 4(a)(6)(B).

Finally, the Court finds no party would be prejudiced by granting Plaintiff's request. "By 'prejudice' the Committee means some adverse consequence other than the cost of having to oppose the appeal and encounter the risk of reversal, consequences that are present in every appeal. Prejudice might arise, for example, if the appellee had taken some action in reliance on the expiration of the normal time period for filing a notice of appeal." Fed. R. App. P. 4 advisory committee's note (1991 Amendments). No prejudice arises to Defendants in this case. Consequently, Plaintiff has satisfied all of the conditions necessary to reopen the time to appeal.

**II.     Conclusion**

For these reasons, it is HEREBY ORDERED that:

1. Plaintiff's request to reopen the time for filing a notice of appeal is GRANTED. Plaintiff must file his notice of appeal within 14 days of the date of the entry of this order; and
2. the Clerk's Office is DIRECTED to send Plaintiff a copy of this Court's order and judgment entered on June 22, 2015 (ECF Nos. 56, 57).

IT IS SO ORDERED.

Dated: **September 23, 2015**            **/s/ Lawrence J. O'Neill**
                                         UNITED STATES DISTRICT JUDGE

3